UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELINDA BUCHANAN,

    Plaintiff,                CIVIL ACTION NO. 08-MC-50470-DT

vs.

                                      DISTRICT JUDGE ARTHUR J. TARNOW

UNITED STATES OF           MAGISTRATE JUDGE MONA K. MAJZOUB
AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's Motion for Removal of Arrest Record (docket no. 1) should be **DENIED**, and this action should be dismissed.

**II.**    **REPORT:**

Plaintiff filed her Motion for Removal of Arrest Record from Criminal Criteria Search Database on May 5, 2008. (Docket no. 1). Plaintiff, proceeding *pro per,* requests that "all arrest records be stricken from the criminal criteria search database" because no convictions were entered against her in a federal criminal case in which she was charged with theft of government monies. *See United States v. Melinda Buchanan*, No. 07-MJ-30384 (E.D. Mich.). Plaintiff states that she is attempting to "sustain gainful employment with the department of education" in Michigan and that any "blemishes on the criminal criteria search will result in termination from the position already held by plaintiff." (Docket no. 1). The Government has responded and opposes Plaintiff's motion. Plaintiff's motion was referred to the undersigned for decision. (Docket no. 2). The Court gave

notice and held a hearing on July 14, 2008 at which the Government's counsel appeared, but Plaintiff did not appear. The Court will now decide the motion on the briefs.

In its Response brief, the Government asserts that Plaintiff executed an agreement on March 25, 2008 to enter into the pretrial diversion program in the underlying criminal action. (Docket no. 4). She agreed to execute a promissory note and to perform community service during her twelve-month diversionary period. If she fails to comply with the terms of her pretrial diversion agreement, Plaintiff is subject to continued prosecution for federal offenses. (*Id.*). Plaintiff has not disputed these assertions.

Although the exact nature of the relief Plaintiff requests is not clear, the Court finds that she is requesting that the Court order the expungement of her criminal record. Plaintiff does not cite any federal statute which gives the Court the authority to expunge her record. The Government contends that Plaintiff is relying upon the Court's equitable powers and that after the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994), this Court lacks jurisdiction to order the relief sought by Plaintiff. Based on the *Kokkonen* decision several federal courts have determined that district courts lack jurisdiction to expunge criminal records based on equitable grounds. *See United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007) (district court lacked jurisdiction to consider request for expungement of criminal record on equitable grounds; agreeing with Third, Eighth, and Ninth Circuits).

The Sixth Circuit has not addressed this issue in a published opinion. In an unpublished decision from 1999, after *Kokkonen* was decided, the Court affirmed the district court's order finding no abuse of discretion in the court's denial of a motion to expunge. *In re Mamoth*, 1999 WL 455415 (6th Cir. June 24, 1999). The *Mamoth* court cited with approval cases from other circuits which held

that extraordinary circumstances are necessary before a court may expunge judicial records of criminal matters. *See United States v. Janik*, 10 F.3d 470, 473 (7th Cir. 1993); *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990). The Eighth Circuit, after *Kokkonen*, holds that a district court does not have ancillary jurisdiction to expunge a criminal record based solely on equitable grounds. *United States v. Meyer*, 439 F.3d 855, 859-60 (8th Cir. 2006).

Therefore, if the Sixth Circuit now follows the trend after *Kokkonen* and holds that the district courts lack jurisdiction to expunge criminal records on equitable grounds, the relief that Plaintiff seeks should be denied.

Even if the Sixth Circuit were to find that expungement is possible under extraordinary circumstances, relief should still be denied because Plaintiff has not raised any extraordinary circumstances in her motion. Her request is based on employment concerns which are not extraordinary for someone with a criminal record. She does not allege that her arrest was improper and her agreement to enter the pretrial diversion program suggests that her arrest was supported by at least some evidence.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 23, 2008          s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that copy of this Report and Recommendation was served upon Buchanan and Counsel of Record on this date.

Dated: July 23, 2008          s/ Lisa C. Bartlett
                                              Courtroom Deputy